IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. ALEXANDER,<br><br>    Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE DETENTION AND CORRECTIONS,<br><br>    Defendant.<br>_____ | No. C 08-3767 MMC (PR)<br><br>**ORDER OF DISMISSAL; DENYING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 3)** |

        On August 6, 2008, plaintiff, a California prisoner incarcerated at the Santa Rita Jail in Alameda County and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983.  That same date, the Court notified plaintiff in writing that the action was deficient due to plaintiff's failure to pay the requisite filing fee or, instead, to submit a completed court-approved in forma pauperis ("IFP") application.  Plaintiff was further advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action.  Along with said notice, plaintiff was sent a copy of the court-approved prisoner's IFP application, instructions for completing it, and a return envelope.

        On August 20, 2008, plaintiff filed a partially-completed IFP application. Specifically, plaintiff filed the completed form "Prisoner's Application to Proceed In Forma Pauperis," but did not include with the form either the requisite Certificate of Funds

in Prisoner's Account completed and signed by an authorized officer at the jail, or a copy of plaintiff's prisoner trust account statement showing transactions for the last six months. On page four of the form application, plaintiff explains that Santa Rita Jail officials have failed to process his IFP applications in the instant action and other actions filed by plaintiff in this court, and that his purpose in filing the instant action is to compel them to do so.[1] Subsequently, on September 25, 2008, plaintiff informed the Court that he has been transferred to San Quentin State Prison.

In light of the above, the instant action will be dismissed as moot. Specifically, the Court cannot provide plaintiff with the relief he seeks because plaintiff currently has no other action pending in this court in which he must file an IFP application or face dismissal. In particular, in all three of the other actions filed by plaintiff while he was incarcerated at the Santa Rita County Jail, the Court granted plaintiff's applications to proceed IFP and dismissed the actions on review of the substantive merit of plaintiff's claims. See Alexander v. California Prison Advocacy Project, No. C 08-2727 MMC (PR) (Order of Dismissal, filed Aug. 19, 2008) (dismissing civil rights complaint for failure to state a claim for relief); Alexander v. State of California, No. C 08-2987 MMC (PR) (Order of Dismissal, filed Aug. 19, 2008) (same); In re Robert J. Alexander, III, No. C 08-3961 MMC (PR) (Order of Dismissal, filed Aug. 27, 2008) (dismissing habeas corpus petition for failure to exhaust state remedies). Consequently, plaintiff's claim for injunctive relief compelling Santa Rita Jail officials to process his IFP applications in his other actions is moot. Additionally, plaintiff's claim for injunctive relief is moot because he no longer is incarcerated at the Santa Rita Jail and, therefore, Santa Rita Jail officials no longer are responsible for processing his IFP applications.

Accordingly, the above-titled action is hereby DISMISSED with prejudice.

---

[1] In his complaint, plaintiff recites a series of events that took place at the Santa Rita Jail in late July 2008, but he does not clearly state the nature of his grievance or the relief he seeks. Consequently, the Court relies on plaintiff's assertion in his IFP application that the purpose of the complaint is to seek assistance in processing his IFP applications.

1  Additionally, plaintiff's incomplete IFP application is hereby DENIED and no fee is due.

2  This order terminates Docket No. 3.

3  The Clerk shall close the file.

4  IT IS SO ORDERED.

5  DATED: January 30, 2009

6  _____
MAXINE M. CHESNEY
United States District Judge